WILLIAM P. ADAMS *v.* H. CRAYCROFT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—330.]

Replevin.

   .    It is only when the plaintiff asks an order for the immediate delivery of possession of personal property sued for that the affidavit mentioned in Sec. 181 of the code is required.

**Allegations in Answer in Replevin.**

> In a suit to replevy mules from a named defendant and his assignee, where the answer of the named defendant admits that he took possession of the mules, and that he or his assignee had them in possession, these allegations are sufficient to warrant a judgment against the named defendant for the mules if to be had, and if not for their value; but on such averments no judgment should be taken against the assignee because there was no averment that he had the possession of the property.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 30, 1880.

RESPONSE BY JUDGE COFER:

The allegation of the answer is that Craycroft took possession of the mules, and that he or his assignee had them in possession. This was sufficient to warrant a judgment against Craycroft for the mules, if to be had, and if not, for their value, and although not sufficient to authorize a judgment against the assignee, because there was no distinct averment that he had them in possession, without which there was no cause of action against him, yet as there was a cause of action against Craycroft, must take his place so far as the cross-action or the judgment rendered thereon will go to extinguish the debt sued for; and while no judgment can be rendered against him for the mules or their value, such a judgment may be rendered against Craycroft, and if the mules be not found their value may be set off against the judgment. The assignee is merely the representative of Craycroft and as such may be affected by the cross-action against his constituent to the extent of the recovery in the original action.

It is only when the plaintiff seeks an order for the immediate delivery of the possession of the property sued for that the affidavit mentioned in Sec. 181 of the code is required. The affidavit there mentioned is the foundation for a provisional remedy, and its allegations constitute no part of the plaintiff's cause of action. It is to be filed in the action, and may be filed after the action has been commenced, and need not be filed at all unless the plaintiff desires an order of delivery *pendente lite*.

Petition *overruled*.

*James S. Pirtle, N. T. Crutchfield, for appellant.*

*Russell & Helm, for appellees.*

[Distinguished, *Rennebaum v. Atkinson*, 21 Ky. L. 587, 52 S. W. 828.]